J-A04024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT IRVING MEEKINS, | |
| Appellant | No. 1009 WDA 2014 |

Appeal from the Judgment of Sentence of May 22, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008574-2011

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 24, 2015**

Appellant, Robert Irving Meekins, appeals from the judgment of sentence entered on May 22, 2014 following his stipulated bench trial convictions for three narcotics offenses and false identification to law enforcement authorities.[1]  On appeal, Appellant challenges only the sufficiency of the evidence to support his false identification to law enforcement authorities conviction.[2]  Appellant's Brief at 5.  The Commonwealth agrees with Appellant's contention that the evidence of record is insufficient to establish the offense of false identification to law

---

[1]  35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(31); 18 Pa.C.S.A. § 4914.

[2] Appellant does not challenge the sufficiency of the evidence underlying his other convictions.

*Retired Senior Judge assigned to the Superior Court.

enforcement authorities. Commonwealth's Brief at 8. Upon review of the certified record, we vacate Appellant's false identification to law enforcement authorities conviction, vacate his sentence in its entirety as illegal, and remand for resentencing.

When reviewing challenges to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014)

"A person commits [the] offense [of false identification to law enforcement authorities] if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law

enforcement officer that the person is the subject of an official investigation of a violation of law." 18 Pa.C.S.A. § 4914. Under the plain language of the statute, three conditions must be satisfied before an individual will be found to have violated the statute by providing false information about his identity:

> First, if the law enforcement officer is not in uniform, the officer must identify himself as a law enforcement officer. Second, the individual must be informed by the law enforcement officer that he is the subject of an official investigation of a violation of law. Third, the individual must have furnished law enforcement authorities with false information after being informed by the law enforcement officer that he was the subject of an official investigation of a violation of law.

*In re D.S.*, 39 A.3d 968, 974 (Pa. 2012) (emphasis supplied).

In this matter, the case proceeded to a stipulated bench trial wherein both parties moved to incorporate the notes of testimony from the suppression hearing into the record. N.T., 5/22/2014, at 7. Officer Randy Lamb of the Wilkins Township Police Department testified that on March 5, 2011, police conducted a traffic stop of a car wherein the driver was arrested for driving under the influence. N.T., 3/5/2014, at 3. Appellant was a passenger in the back seat. *Id.* at 3-4. Appellant was asked for identification and he stated his name was "Jonathon Hutchinson." *Id.* at 4. After Appellant got out of the car, he told Officer Lamb, "he lied about who he was and that he had an active warrant out of Cambria County." *Id.* at 5. Officer Lamb confirmed that there was an active arrest warrant issued for

Appellant with the Johnstown Police Department. *Id.* Police arrested Appellant. *Id.* at 6.

Noticeably absent from the examination of Officer Lamb was any evidence that the police officers involved were in uniform or that Appellant had been advised that he was the subject of an investigation or a violation of law. Appellant volunteered the false information during the investigation of the driver, not him. Thus, we conclude that the Commonwealth failed to elicit sufficient evidence to support Appellant's conviction for false identification to law enforcement authorities; hence, we vacate that conviction.

The trial court sentenced Appellant to a mandatory term of three to six years of imprisonment on one of his narcotics' convictions. *Id.* at 13. The trial court sentenced Appellant to "[n]o further penalty at any remaining counts." *Id.* Because Appellant was not sentenced on the false identification to law enforcement authorities, we would normally conclude the trial court's sentencing scheme was not upset and, thus, a remand for resentencing would be unwarranted. **Commonwealth v. Lomax**, 8 A.3d 1264, 1268 (Pa. Super. 2010) ("Because we can vacate the indecent assault sentence without disturbing the overall sentencing scheme, we need not remand."), *citing* **Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa. Super. 2006) (stating that when our disposition does not upset overall sentencing scheme, there is no need for a remand). However, upon further review, Appellant's

sentence is illegal[3] and, therefore, we are constrained to vacate his sentence in its entirety.

> This Court has previously concluded:
>
> A challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014) (citations, quotations, and ellipses omitted). In **Fennell**, this Court determined that 18 Pa.C.S.A. § 7508,[4] a statute which imposes a mandatory minimum sentence based upon the weight of narcotics recovered, was unconstitutional in its entirety based upon the United States Supreme Court decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013). **See Fennell** generally.

Based upon our *sua sponte* review of the record, we are constrained to vacate Appellant's illegal sentence. Appellant was convicted of possession

---

[3] "[T]his Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte.*" **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted).

[4] Section 7508 of the Crimes Code provides that "when the aggregate weight of the compound or mixture containing [cocaine] is at least ten grams and less than 100 grams; [the mandatory minimum sentence imposed shall be] three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]" 18 Pa.C.S.A. § 7508(a)(3)(ii).

- 5 -

with the intent to deliver crack cocaine. The parties stipulated that the narcotics weighed 83.1 grams. N.T., 5/22/2014, at 8. The Commonwealth asked for a mandatory minimum sentence of three years of imprisonment. *Id.* at 12. The sentencing guideline form, contained within the certified record, recommends a mandatory minimum sentence of 3 years based upon 18 Pa.C.S.A. § 7508. The trial court entered a mandatory sentence of three to six years of imprisonment. *Id.* at 13. We are bound by *Fennell* to vacate Appellant's sentence as illegal.

Conviction for false identification to law enforcement authorities vacated. Remaining narcotics convictions affirmed. Sentence vacated in its entirety. Remand for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015

- 6 -