J-S79024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAWAYNE WHITE | |
| Appellant | No. 1040 EDA 2015 |

Appeal from the Judgment of Sentence November 20, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005005-2014

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED DECEMBER 06, 2016**

Jawayne White appeals from the November 20, 2014 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial convictions for robbery (inflicts bodily injury), recklessly endangering another person ("REAP"), simple assault, criminal conspiracy, theft by unlawful taking, and receiving stolen property.[1]  We conclude that the record as it comes to us does not contain sufficient evidence to support the conspiracy conviction and, therefore, vacate White's conspiracy conviction.  We affirm the judgment of sentence as to the remaining convictions.

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(iv), 2705, 2701(a), 903(c), 3921(a), 3925(a), respectively.

The facts, as adopted by the trial court, are as follows:[2]

> On September 9, 2014, this matter was tried before this Court. . . . .
>
> [T]he complainant[] testified that on the evening of March 12, 2014 at approximately 7:55 pm, he was on the northeast corner of North Marshall Street and Cecil B. Moore Avenue. At that time he had a cell phone in his hand and was using it to listen to music. Complainant then came in contact with [White], who he did not know. [White] was identified in the courtroom by [the complainant]. [White] had approached him from behind on the night in question. [White] asked [the complainant] "what kind of phone you got?" [White] then struck the complainant while standing in front of him and the complainant then put his phone in his pocket. Then [White] reached in the complainant's pocket and took his phone.
>
> The police came to the scene and told the complainant to go and get his father and come back. After returning, the complainant was taken to the hospital and seen in the emergency room. He missed two (2) weeks from school. Complainant [was] subsequently seen three times by a doctor. The phone that was taken cost approximately $100-$120. He never received the phone back.
>
> On cross-examination, the complainant testified that [White] approached him. He did not have scratches on his fist (and was then shown D-1, which was a photo of his fist) nor did [he] attempt to track his phone down. On redirect, the complainant said that he did not activate his

_____

[2] Because the audio recording of the trial was of poor quality, a transcript could not be produced. Accordingly, pursuant to Pennsylvania Rule of Appellate Procedure 1923, White filed a statement in absence of transcript. The Commonwealth as appellee did not afford itself of the opportunity provided by Rule 1923 to "serve objections or propose amendments" to White's statement. The trial court adopted in part and amended White's statement. Trial Ct. Statement in Absence of Transcript Pursuant to Pa.R.A.P. 1923, 10/30/2015, at 1 ("Rule 1923 Stmt.")

phone's tracking ability since he only owned [the] phone for one day. Complainant was then shown D-2, the notes of testimony from the Preliminary Hearing where he said he had the phone for 1 month.

Philadelphia Police Officer Justin Rios of the 22nd precinct was then called to the stand to testify as a Commonwealth witness. Officer Rios testified that he remembered the date of March 12, 2014, and that he was driving in the area on the way to work. He observed the complainant with another male on the corner of Cecil B. Moore Avenue and Marshall Street. He observed [White] standing in front of the complainant and yelling at the complainant. He then observed [White] run toward the complainant with closed fist and strike him in the face.

Officer Rios pulled over and broke up the altercation. He observed the complainant with a bloody and crooked nose. The complainant walked in Officer Rios' direction and [White] and his co-defendant followed. Officer Rios testified that he asked the complainant what had happened and the complainant responded that [White] hit him. Officer Rios then detained [White] by grabbing him by the pants.

Another police officer, who also happened to be on his way to work, stopped to lend assistance. After [White] was placed in handcuffs, the complainant went home to get his father. Some friends of [White] also came to the scene. Officer Rios told the complainant to go with the medics. Seven to ten people were at the scene at the time of the incident. On cross-examination, Officer Rios testified that his badge was not visible at the time. At the time of this arrest, he had been an officer for 7 years.

Philadelphia Police Officer Brooke Seiberlich was the last witness to testify. He testified that he was on his way to work when he observed Officer Rios with [White]. He exited his vehicle and was informed that [White] assaulted the complainant. Officer Seiberlich then frisked [White] and placed him under arrest. This officer then took [White] away from the scene. [White] moved D-1 and D-2 into evidence without objection.

Rule 1923 Stmt. at 1-3.

Following a bench trial, the court convicted White of robbery, REAP, simple assault, conspiracy, theft by unlawful taking, and receiving stolen property. On November 20, 2014, the trial court sentenced White to concurrent sentences of 2 to 4 years' incarceration followed by 2 years' probation for the robbery and conspiracy convictions. The trial court imposed no further penalty for the remaining convictions. On November 30, 2014, White filed a post-sentence motion alleging the verdict was against the weight of the evidence. On March 31, 2015, the motion was denied by operation of law.

On April 10, 2015, White filed a notice of appeal. On April 14, 2015, the trial court issued an order requiring White to file a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days of receiving the transcripts from the November 20, 2014 hearing. On August 24, 2015, White filed a statement in absence of transcript pursuant to Pennsylvania Rule of Appellate Procedure 1923. White explained that the reporter was preparing the transcript of the sentencing hearing, but that the digital transcript manager informed counsel there was a problem with the audio recording of the bench trial, which prevented her from producing the trial transcripts. White, therefore, submitted a statement of the record derived from the case docket and counsel's recollection of the trial.

On September 15, 2015, the trial court ordered White to file a Rule 1925(b) statement within 21 days. On October 5, 2015, White filed a Rule

1925(b) statement, alleging that there was insufficient evidence to sustain the robbery conviction and that the guilty verdict for the robbery conviction was against the weight of the evidence. White also sought an extension of time to file a supplemental Rule 1925(b) statement upon receipt of all notes of testimony. On October 3, 2015, the trial court issued its Rule 1923 statement, which included the following introductory paragraph:

> [P]ursuant to Pa.R.Crim.P. 1923, based upon a review of [White's] proposed Rule 1923 Statement, and no response, objection or amendment from the Commonwealth, this Court hereby adopts, in part, [White's] Statement and has amended the same with this Court's trial notes and recollection. This Statement shall be made a part of the record on appeal.

Rule 1923 Stmt. at 1.[3] Also on October 30, 2015, the trial court ordered that White file a revised Rule 1925(b) statement within 21 days. On November 9, 2015, White filed a supplemental Rule 1925(b) statement, alleging that: (1) the evidence was insufficient to sustain the robbery conviction because the Commonwealth failed to establish a theft occurred; (2) the evidence was insufficient to establish the conspiracy conviction; and (3) the verdict for the robbery conviction was against the weight of the evidence. On January 29, 2016, the trial court issued its Rule 1925(a) opinion.

_____

[3] The Commonwealth did not respond or object to the statement in absence of the transcript filed by White or the statement filed by the trial court.

White raises the following issues on appeal:

1. Was not the verdict as to robbery so contrary to the weight of the evidence as to render it unjust, where the testimony of the complainant regarding the theft of his phone was unreasonably tenuous and belied by the lack of physical evidence?

2. Was not the evidence insufficient to sustain a conviction for robbery, theft, and receiving stolen property, where the evidence was insufficient to prove that a theft or an attempted theft had occurred?

3. Was not the evidence insufficient to sustain a conviction for conspiracy, where the evidence was insufficient to prove the existence of any conspiratorial agreement with another?

White's Br. at 3.

Before we address the merits of White's claims, we must first determine the materials in the record that this Court may consider in reaching our determination. The Commonwealth contends that we may consider not only the trial court's Rule 1923 Statement, but also White's Rule 1923 Statement, and the notes of testimony from the preliminary hearing, which, it argues, were admitted into evidence at trial. Commonwealth's Br. at 2 n.1.

Rule 1923 provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for

settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923.[4]

The only statement this Court may consider is the statement that the trial court "settled and approved" and ordered that the clerk include in the record.[5]  ***See*** Pa.R.A.P. 1923.  Therefore, we may not consider White's Rule 1923 Statement.  Further, this Court may not consider the preliminary hearing transcript.  Although the trial court's Rule 1923 Statement states

---

[4] This Court has stated the following regarding when a new trial is appropriate due to the lack of transcripts:

> Where meaningful review is impossible and appellant is free from fault, a new trial may be granted.  Meaningful review does not require, *per se*, a complete trial transcript.  Rather, the court may provide either a complete trial transcript or an equivalent thereof.  Rule 1923 does not contemplate that appellate counsel must single-handedly reconstruct the record.  The theory that underlies Rule 1923 is that a verbatim transcript of proceedings is not necessarily a condition precedent to meaningful appellate review, so long as the appellate court has an "equivalent picture" of what happened at trial.  Further, no relief is due because counsel on appeal was not counsel at trial.  Rather, appellate counsel is required to prepare a statement of the missing evidence from the best available means.

***Commonwealth v. Harvey***, 32 A.3d 717, 721-22 (Pa.Super. 2011) (citations and internal quotation marks omitted).

[5] In its Rule 1925(a) opinion, the trial court stated that it supplemented White's Rule 1923 statement with its own notes because White's "suggested statement lacked significant facts and testimony elicited at trial."  1925(a) Op. at 2.

that White moved for the admission of the preliminary hearing transcript without objection, the Rule 1923 statement refers only to the part of the transcript used to establish that the victim gave prior inconsistent testimony.[6] The Commonwealth suggests that we may consider all statements made at the preliminary hearing, regardless whether the statements are consistent with trial testimony or whether the information was admitted at trial. We disagree. The Commonwealth has not established that the preliminary hearing testimony was admitted as substantive evidence at trial pursuant to any exception to the rule excluding hearsay. *See* Pa.R.E. 803, 804. Accordingly, we will not consider the preliminary hearing testimony on appeal.

We will first address White's claims that the Commonwealth failed to present sufficient evidence to support his convictions. We apply the following standard when reviewing a sufficiency of the evidence claim: "[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Lehman*, 820 A.2d 766, 772 (Pa.Super. 2003), *aff'd*,

---

[6] The trial court noted that the victim testified at trial that he had owned the phone for only one day at the time of the robbery, and White's counsel showed the victim his testimony from the preliminary hearing, in which he stated that he had had the phone for one month. Rule 1923 Stmt. at 2.

870 A.2d 818 (Pa. 2005) (quoting *Commonwealth v. DiStefano*, 782 A.2d 574 (Pa.Super. 2001)). In applying this standard, "we may not weigh the evidence and substitute our judgment for the fact-finder." *Id.*

Further, "the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Lehman*, 820 A.2d at 772 (quoting *DiStefano*, 782 A.2d at 574). Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.*

In applying the above test, we must evaluate the entire record. *DiStefano*, 782 A.2d at 582. Further, "the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.*

White claims that the evidence was insufficient to sustain the convictions for robbery, theft, and receiving stolen property because the Commonwealth failed to establish that he took, attempted to take, or otherwise exercised control over the victim's cell phone. White's Br. at 15.

To establish White was guilty of robbery, the Commonwealth was required to establish that: "in the course of committing a theft, he . . . inflict[ed] bodily injury upon another or threaten[ed] another with or

intentionally put[] him in fear of immediate bodily injury." 18 Pa.C.S. § 3701(a)(iv). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S. § 3701(a)(2). A person commits the crime of "theft by unlawful taking" if he "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). To establish a person received stolen property, the Commonwealth must establish that the person "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a). "Receiving" is defined as "acquiring possession, control or title, or lending on the security of the property." 18 Pa.C.S. § 3925(b).

White argues that the Commonwealth failed to establish that he took the victim's phone. He notes that the police arrested him at the crime scene, and the phone was never recovered. He also claims the victim's testimony was unreliable because it was contradicted by the physical facts. White's Br. at 15.

Viewing the record in the light most favorable to the Commonwealth as the verdict winner, we conclude the Commonwealth presented sufficient evidence to establish, beyond a reasonable doubt, that White took the victim's phone. The victim testified that he was listening to music on his cell

phone when White approached him from behind, asked "what kind of phone you got?," and then struck him. Rule 1923 Stmt. at 1-2. The victim testified that he then placed his phone in his pocket, and that White then reached into the pocket and removed the phone. *Id.* at 2. Although the cell phone was not recovered, the victim's testimony provided sufficient evidence from which a fact-finder could conclude, beyond a reasonable doubt, that White took the victim's cell phone.

White next argues that the Commonwealth failed to provide sufficient evidence to support the conspiracy conviction. Although White raised this claim in his supplemental Rule 1925(b) statement, the trial court's Rule 1925(a) opinion does not address it.[7] Based on the evidence in the trial court's Rule 1923 statement, we agree with White.

Criminal conspiracy is defined as follows:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

---

[7] Although the trial court permitted White to file a supplemental Rule 1925(b) statement following the court's filing if its Rule 1923 Statement, the court's Rule 1925(a) opinion addressed only the issues raised in White's original Rule 1925(b) statement. The trial court, therefore, did not address White's allegation that the evidence was insufficient to support his conspiracy conviction, which White raised for the first time in his supplemental Rule 1925(b) statement.

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903.  This Court has stated that:

[c]ircumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt.

**Commonwealth v. Irvin**, 134 A.3d 67, 75 (Pa.Super. 2016) (quoting

**Commonwealth v. Perez**, 931 A.2d 703, 708 (Pa.Super. 2007)).  Further,

[a]n agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

**Id.** (quoting **Perez**, 931 A.2d at 708).

In the trial court's Rule 1923 Statement, the only references to possible co-conspirators are that, after the theft, "the defendant and his co-defendant" followed the victim when he walked over to speak with the officer who had arrived on the scene, and that "[s]ome friends of the defendant also came to the scene."  Rule 1923 Stmt. at 2-3.  This is insufficient to establish, beyond a reasonable doubt, that any agreement existed between White and another person.[8]  We therefore vacate the conspiracy conviction.

_____

[8]  White's Rule 1923 Statement included additional information regarding a potential conspiracy, including that: (1) the victim testified that

*(Footnote Continued Next Page)*

White also claims that the verdict of guilty for the robbery conviction was against the weight of the evidence.

This court reviews a weight of the evidence claim for an abuse of discretion. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* (quoting *Commonwealth v. Widmer* 744 A.2d 745, 753 (Pa. 2000)). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Id.*

A trial court should not grant a motion for a new trial "because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Clay*, 64 A.3d at 1055. "Rather,

*(Footnote Continued)* ───────────────

White and another male approached him; and (2) Officer Rios testified he saw the victim, White, and White's co-defendant on the corner, saw White and his-co-defendant yell at the victim, and observed White lunge at the victim. In partially adopting White's Rule 1923 statement, the trial court only included that Officer Rios testified that when the victim walked toward him, White and his co-defendant followed. The trial court, however, did not include the other references to the co-defendant. As a result, and because the trial court did not address this sufficiency claim in its Rule 1925(a) opinion, this Court cannot safely conclude that the trial court viewed these facts as established at trial.

'the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id.** (quoting **Widmer**, 744 A.2d at 752). Courts have stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Id.** (quoting **Commonwealth v. Brown**, 648 A.2d 1177, 1090 (Pa. 1994)).

White claims the verdict was against the weight of the evidence because the victim's testimony that White stole his phone was not credible, noting the officers did not see White take the phone, White did not leave the scene prior to his arrest, and the phone was not recovered. White's Br. at 10-13. However, the trial court as finder of fact was free to credit the victim's testimony. **See Commonwealth v. Page**, 59 A.3d 1118, 1130 (Pa.Super. 2013) (credibility determination "lies solely within the province of the factfinder"); **Commonwealth v. DeJesus**, 860 A.2d 102, 107 (Pa.Super. 2004) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses."). The trial court did not abuse its discretion when it found the verdict was not against the weight of the evidence.

Accordingly, we conclude that the Commonwealth presented sufficient evidence to convict White of robbery, theft, and receiving stolen property and that the trial court did not abuse its discretion when it found the verdict

for robbery was not against the weight of the evidence. However, we conclude that the record as established by the trial court does not reflect that the Commonwealth presented sufficient evidence to support the conspiracy conviction. Because the trial court imposed concurrent sentences for robbery and conspiracy, vacating the judgment of sentence for conspiracy does not affect the overall sentencing scheme, and remand is not necessary. *See Commonwealth v. Lomax*, 8 A.3d 1264, 1268-69 (Pa.Super. 2010) (finding remand not required when vacating judgment of sentence would not disturb the overall sentencing scheme).

Judgment of sentence for conspiracy vacated. Judgment of sentence affirmed as to the convictions for robbery, REAP, simple assault, theft by unlawful taking, and receiving stolen property.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2016

- 15 -