J-S14009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL NATAL | : | |
| | : | |
| Appellant | : | No. 876 EDA 2017 |
| | : | |

Appeal from the Judgment of Sentence February 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004656-2015

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 09, 2018**

Angel Natal appeals from the judgment of sentence imposed on February 17, 2017, in the Court of Common Pleas of Philadelphia County.  The trial court found Natal guilty of rape (forcible compulsion), rape (unconscious victim), statutory sexual assault, sexual assault, corruption of minors, and indecent assault.[1]  The charges stemmed from Natal's sexual contact with his 13-year-old stepsister.  The trial court sentenced Natal to an aggregate term

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(a)(1) and (a)(3), 3122.1, 3124.1, 6301, and 3126(a)(2).

of imprisonment of six to 15 years, followed by a 15-year term of probation.[2]

Natal contends the sentence for the indecent assault charge is illegal "because that charge merged with the rape conviction as of 18 Pa.C.S. § 3121(a)(1) for purposes of sentencing given that both convictions are based on the act of forcible intercourse[.]"  Natal's Brief at 3, *citing* **Commonwealth v. Smith**, 459 A.2d 777, 788 (Pa. Super. 1983).  Based on the following, the judgment of sentence for indecent assault (forcible compulsion) is vacated.  The judgment of sentence in all other respects is affirmed.[3]

_____

[2] Specifically, the trial court imposed a sentence of six to 15 years' imprisonment, followed by five years' probation on the rape (forcible compulsion) charge; 10 years' probation on the statutory sexual assault charge, to run consecutively with the rape charge; 10 years' probation on the sexual assault charge, to run concurrent with the rape charge; five years' probation on the corruption of minors charge, to run concurrent to the rape charge; five years' probation on the indecent assault charge, to run concurrent with the rape charge; and six to 15 years' incarceration followed by five years probation on the rape (unconscious victim) charge, to run concurrent to the rape - forcible compulsion charge.

[3] This Court, on July 5, 2017, ordered Natal to show cause why his March 6, 2017 appeal should not be quashed as interlocutory, as Natal had filed his appeal from the verdict of guilt entered on October 18, 2016.  **See Commonwealth v. Charles O'Neill**, 578 A.2d 1334, 1335 (Pa. Super. 1990) ("In criminal cases appeals lie from the judgment of sentence rather than from the verdict of guilt.").  Natal failed to file a response to this Order. Subsequently, however, Natal filed a petition to amend the notice of appeal. On September 19, 2017, this Court directed Natal to file an amended notice of appeal referencing the February 17, 2017 judgment of sentence, and permitted Natal to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  On September 21, 2017, Natal filed an amended notice of appeal and concise statement.

The parties are well acquainted with the procedural history that is fully set forth in the trial court's opinion and, therefore, we do not restate it herein. *See* Trial Court Opinion, 10/5/2017, at 1-2.

Natal claims his five-year term of probation for rape by forcible compulsion (imposed consecutively to the six-to-fifteen year term of imprisonment for that offense) and his concurrent five-year term of probation for indecent assault should merge for purposes of sentencing.

Preliminarily, we note the merger claim presented by Natal is a challenge to the legality of the sentence and, therefore, is not subject to waiver even though Natal raised this claim for the first time in his Pa.R.A.P. 1925(b) statement.[4] *See Commonwealth v. Glass*, 50 A.3d 720, 730 (Pa. Super. 2012) ("[A] claim that crimes should have merged for purposes of sentencing challenges the legality of a sentence and, thus, cannot be waived."). In reviewing such a claim, "our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Lomax*, 8 A.3d 1264, 1267 (Pa. Super. 2010).

Pennsylvania's merger doctrine is codified at Section 9765 of the Sentencing Code, as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other

---

[4] Natal raised his merger claim for the first time in his September 21, 2017 concise statement.

- 3 -

offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

Relevant to the merger issue raised herein are Natal's convictions for rape (forcible compulsion), 18 Pa.C.S. § 3121(a)(1), and indecent assault (forcible compulsion), 18 Pa.C.S. § 3126(a)(2). "A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant: … (1) By forcible compulsion." 18 Pa.C.S. § 3121(a)(1). "A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: … (2) the person does so by forcible compulsion[.]" 18 Pa.C.S. § 3126(a)(2).

The Crimes Code defines "Forcible compulsion" in relevant part as "Compulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied. . . ." 18 Pa.C.S. § 3101. The Crimes Code defines "Indecent contact" as "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person. ***Id***. Furthermore, "Sexual intercourse" is defined as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." ***Id.***

Generally, "a conviction for indecent assault will merge into a conviction for rape." ***Commonwealth v. Smith***, 459 A.2d 777, 788 (Pa. Super. 1983).

However, "when an indecent assault conviction is predicated upon an act separate from the act of forcible intercourse, the indecent assault conviction does not merge with a conviction for rape. This is true whether the act which constitutes indecent assault is committed immediately prior to, or concurrently with the rape." **Commonwealth v. Richter**, 676 A.2d 1232, 1236 (Pa. Super. 1996) (defendant fondled victim's breasts before placing his penis in her vagina).

The trial court, the fact-finder in this case, found merit in Natal's claim, stating in its Rule 1925(a) opinion:

> Because the court concedes the indecent assault conviction merges with the rape forcible compulsion conviction, no sentence may be imposed on the lesser included crime of indecent assault. Therefore, the judgment of sentence with regard to the indecent assault should be vacated."

Trial Court Opinion, 10/5/2017, at 2-3. The Commonwealth, however, asserts:

> Because the court convicted [Natal] of indecent assault for groping the victim all over her body, and convicted him of rape for penetrating her vaginally, two separate acts, it properly imposed separate concurrent sentences for the two offenses.
>
> ****
>
> … The victim awoke on her living room couch to find her pants around her ankles and [Natal] straddling her and groping her all over her body (N.T. 10/12/16, 66). He then gripped her right thigh with one hand, holding it down, and inserted his penis in her vagina. (N.T. 10/12/16, 17, 28-29). She pushed him off and he went upstairs. (N.T., 10/12/16, 25-26).

Commonwealth's Brief, at 5, 6. Based on our review, we agree with the trial court that merger applies here, since we find Natal's rape and indecent assault convictions arose from the same act of forcing the victim to engage in sexual intercourse.

On direct examination, the victim recounted the sexual encounter with Natal:

> Then I fell asleep on the couch. And I woke up to a sharp pain. And I woke up and looked, saw him on top of me. And I looked down and he – I saw his pants down, his penis inside my vagina.
>
> ****
>
> As I said, his pants were down, and his penis was inside my vagina. And when I was trying to get him off of me, I couldn't. But as soon as he moved, I pushed him off.

N.T., 10/12/2016, at 17, 22. The victim further testified:

> Q. Did he touch you in any other places on your body?
>
> A. My thigh.
>
> Q. All right. Describe that for the Court. How did he touch your thigh?
>
> A. He was gripping onto it.
>
> Q. He was gripping your thigh?
>
> A. Yes.
>
> ****
>
> Q. Now, you said he was holding your thigh. What is he – can you describe that a little more. What does that mean, holding your – tell us what does that mean.
>
> A. Like he was just holding me down while he was doing –

- 6 -

Q. Holding your thigh down as this was happening?

A. As he fell when I pushed him.

*Id.* at 28-29.

Later, on cross examination, the victim was questioned:

Q. Okay. Now, you testified that, I believe, when you – Mr. Natal was holding your thigh while this was happening. He had gripped your thigh; is that right?

A. That was when he moved. That was when he gripped my thigh, when I pushed him off.

Q. There was a shift?

A. Yes.

Q. And when he shifted he grabbed your thigh?

A. Yes.

****

Q. Before grabbing your thigh, where were his hands?

A. He was holding my wrist.

*Id.* at 54-55.

While the Commonwealth maintains that Natal's indecent assault conviction was based upon the separate act of Natal "groping the victim all over her body,"[5] the Commonwealth has mischaracterized the record. The

---

[5] The Commonwealth cites to page 66 of the trial transcript, referencing a portion of a DHS report, which was used by trial counsel on cross examination to impeach the victim's testimony. However, the victim only testified trial counsel read the report correctly and she did not remember the statement:

victim's specific testimony revealed Natal gripped her thigh and held her down while he inserted his penis in her vagina. Therefore, on this record, we agree with the trial court that merger applies, as the single act of forcible intercourse underlies Natal's convictions for rape and indecent assault. Accordingly, we vacate the judgment of sentence solely with respect to the concurrent five-year term of probation imposed on the indecent assault conviction.[6]

_____

By [Counsel for Natal]:

Q. Showing you a portion of what I've marked as D-2, where it says child told RS 2/13/2015 child and family went to dinner. Child said that she fell asleep on the couch. When she woke up, AP was touching her all over her body, and tried to get her pants down. Child pushed AP away, told him to stop. Child says she ran to her bedroom and locked the door. Did I read that correctly?

A. Yes.

Q. Okay. And isn't that what you told the DHS worker who came?

A. I don't remember.

Q. You don't' remember? Okay.

N.T., 10/12/2016, at 65-66.

[6] Remand is not necessary in this case since our disposition does not upset the trial court's overall sentencing scheme. *See Commonwealth v. Lomax*, 8 A.3d 1264, 1268 (Pa. Super. 2010) (remand unnecessary where sentence for indecent assault merged with sentence for rape of a child, and indecent assault sentence could be vacated without upsetting overall sentencing scheme).

Judgment of sentence for indecent assault (forcible compulsion) is vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/18