J-S45011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT DAVID JOHNSON | : | |
| | : | |
| Appellant | : | No. 1045 MDA 2025 |

Appeal from the Order Entered July 22, 2025
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0000624-1986

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED: MARCH 23, 2026**

Appellant, Scott David Johnson, appeals *pro se* from the trial court's July 22, 2025, order denying his petition for writ of *habeas corpus*, in which he claimed that the Pennsylvania Department of Corrections (DOC) erroneously computed the expiration date of his maximum term of incarceration. Upon review, we affirm.

The trial court summarized the relevant background as follows.

> Following a jury trial in 1987, Appellant was convicted of rape, involuntary deviate sexual intercourse (IDSI), indecent assault, burglary, two counts of robbery, theft by unlawful taking, receiving stolen property, prohibited offensive weapons, and terroristic threats. On November 4, 1987, he was sentenced as follows:
>
> Count 1 – Rape – 5 to 15 years;

_____

[*] Retired Senior Judge assigned to the Superior Court.

Count 2 – IDSI – 5 to 15 years, concurrent to Count 1;

\* \* \* \*

Count 4 – Burglary – 5 to 15 years[,] consecutive to Counts 1 and 2;

Count 5 – Robbery – 5 to 15 years[,] consecutive to Count 4;

Count 6 – [Robbery – 5 to 15 years, concurrent with Count 5, consecutive to Count 4].

\* \* \* \*

Count 9 – Prohibited Offensive Weapons – 1 to 5 years[,] concurrent with Counts 5 and 6 and consecutive to Count 4;

Count 10 – Terroristic Threats – 1 to 5 years[,] concurrent with Counts 5, 6, and 9, and consecutive to Count 4.

Trial Court Opinion, 10/15/19, at 2 (unnumbered, footnotes omitted). Thus, Appellant's aggregate term of incarceration was 15 to 45 years.

On January 25, 1988, the trial court vacated Appellant's sentences at Counts 1 and 6 on the ground that those offenses should have merged into Count 2 and Count 5, respectively. However, Appellant's aggregate term of incarceration remained the same because the vacated sentences were imposed concurrently.

Appellant filed a timely direct appeal. We affirmed his judgment of sentence on August 24, 1988. *See Commonwealth v. Johnson*, No. 3225 PHL 1987, unpublished memorandum (Pa. Super. filed August 24, 1988). Over the ensuing years, Appellant filed multiple petitions for writs of *habeas corpus*, as well as petitions under the Post Conviction Relief Act [], all of which were denied.

***Commonwealth v. Johnson***, No. 1552 MDA 2019, unpublished memorandum (Pa. Super. filed March 18, 2020).

Over the ensuing years, Appellant filed multiple petitions for writs of *habeas corpus*, as well as petitions under the Post Conviction Relief Act, all of which were denied.

Appellant filed the underlying petition for writ of *habeas corpus* on July 14, 2025, claiming again that he was subject to unlawful detention, as the January 25, 1988 order vacating the sentences at Counts 1 and 6 rendered the sentence at Count 2 sufficiently ambiguous to reduce his maximum sentence date from June 25, 2031 to June 25, 2016. The trial court denied relief on July 22, 2025. This appeal followed.

On appeal, Appellant raises the following claim for our review.

> Did the trial court commit legal error or abuse its discretion when it dismissed the habeas corpus petition of appellant without a hearing where the warrant of commitment for count 2 departed in a matter of substance from the judgment in back of it is void; and in so far as it departs from the judgment cannot make the detention of the Commonwealth lawful after the court imposed concurrent sentence for count 2 has legally expired?

Appellant's Brief at 4.[1]

_____

[1] "Ordinarily, an appellate court will review a grant or denial of a petition for writ of habeas corpus for abuse of discretion, but for questions of law, our standard of review is de novo, and our scope of review is plenary." ***Commonwealth v. Judge***, 916 A.2d 511, 521, n.13 (Pa. 2007) (citations omitted).

As far as we can discern, despite Appellant's protestation to the contrary, it appears that Appellant is arguing, again, that the January 25, 1988, order vacating the sentences at Count 1 and 6 affected his sentence at Count 2. Specifically, Appellant appears to argue that the sentence at Count 2, which, in the original sentencing order ran concurrently to Count 1, now runs concurrent to the remaining counts because it cannot be deemed to run concurrently to the vacated sentence. As a result of his proposed interpretation, his maximum date for release is no longer June 25, 2031, but June 25, 2016.

The trial court interpreted the above claim as another attempt at challenging the interpretation of his sentence.[2] Appellant responded that "the trial court's contentions that '[Appellant] again challenges the interpretation of his sentencing orders' as a basis for its judgment of dismissal is misplaced

_____

[2] The trial court aptly noted the following:

> The sentencing orders are unambiguous. As the sentences at Count 1 and Count 6 were concurrent to the sentences at other counts, when the sentences were vacated and eliminated from his sentence, the overall sentence remained the same. Regardless of any purported (and unsupported) error as to [C]ount 1 or 2, the order vacating the sentences at [C]ount 1 and 6 occurred in 1988 and certainly could and should have been addressed at an earlier juncture. At this time, the calculation of [Appellant]'s maximum sentence was decided by the Board . . . and is subject to the original jurisdiction of the Commonwealth Court in the nature of a mandamus action. Accordingly, [the trial court] does not have jurisdiction and is not the appropriate venue for this challenge.

Trial Court Opinion, 8/21/25, at 2-3 (unnumbered).

and unsubstantiated by the record." Appellant's Brief at 9. Yet, a review of the argument before us reveals that Appellant, once again, is trying to get relief on a claim that has been raised, reviewed, and rejected multiple times at multiple levels.

In *Johnson v. Pa. Dep't of Corr.*, 2018 WL 3826288, unpublished memorandum (Pa. Cmwlth., filed August 13, 2018), Appellant argued that "the trial court's vacating of [Count 1 and Count 6] sentences reduced his aggregate sentence and maximum sentence date and [sought] an order compelling DOC to reduce its computation of his sentence." *Id.* at *2.

The Commonwealth Court noted:

The undisputed facts here establish that there is no error in DOC's computation of [Appellant]'s sentence. The sentencing order clearly and expressly provides that the burglary sentence is consecutive to the involuntary deviate sexual intercourse sentence and that [sentences at Counts 5 and 6 are] consecutive to the burglary sentence. Because the sentences are consecutive, DOC is required to aggregate these three 5-to-15-year sentences and its calculation of [Appellant]'s aggregate sentence as 15 to 45 years is therefore correct.

*Id.*

It also noted that:

Where a sentence is vacated on merger grounds, the conviction for the other offense on which merger is based remains fully valid and the sentence for that other offense is not automatically vacated. 42 Pa.C.S.[A]. § 9765; *Commonwealth v. Lomax*, 8 A.3d 1264, 1268-69 (Pa. Super. 2010); *Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006). The trial court's order vacated only sentences that were concurrent to sentences that were not vacated and did not alter the consecutive running of [Appellant's] three remaining 5-to-15-year sentences. The vacated [Count 1] sentence was the same length and concurrent

to the [Count 2] sentence and the [Count 6] sentence was the same length and concurrent to the [Count 5] sentence. The two vacated sentences therefore had not lengthened [Appellant]'s aggregate sentence.

*Id.* at *3.

In light of the foregoing, The Commonwealth Court denied Appellant's request for relief.

In *Commonwealth v. Johnson*, No. 1552 MDA 2019, unpublished memorandum (Pa. Super. filed March 18, 2020), we characterized Appellant's claim as follows:

[Appellant] essentially contends that the DOC erroneously calculating his maximum sentence date by considering certain of his counts as running consecutively, when the sentencing order directs that they run concurrently. Appellant indicates that the DOC's error in calculating his sentence stemmed from the court's vacating his sentences at Counts 1 and 6, which Appellant seemingly believes lowered his aggregate term of incarceration. Because the DOC is considering Appellant's aggregate, maximum term of incarceration to still be 45 years, Appellant insists that the DOC is misinterpreting the court's sentencing order and illegally extending his maximum term of incarceration.

*Id.* at *2.

Upon review, we agreed with the trial court's conclusion that it lacked jurisdiction to consider Appellant's writ of habeas corpus because he is clearly challenging the DOC's computation of his sentence. *Id.* Accordingly, we concluded that Appellant had to raise his claim in a mandamus action filed in the Commonwealth Court. *Id.* at 5.

About three years later, Appellant, once again challenged DOC's computation of his sentence. In *Commonwealth v. Johnson*, 300 MDA

2023, 2023 WL 5097200, unpublished memorandum (Pa. Super. filed August 9, 2023), Appellant argued that the trial court erred in "concluding that Appellant's 1988 sentence was unambiguous[3] and that it abused its discretion by refusing to direct [DOC] to release him from custody.[4]" *Id.* at *1. Upon review of the parties' brief, relevant case law, and the trial court's analysis, we affirmed the trial court's decision, noting that "Appellant's sentence is not ambiguous and that, to the extent Appellant intends to challenge the DOC's calculation of Appellant's maximum sentence, that claim must be raised in a mandamus action before the Commonwealth Court." *Id.*

Thus, so far, at least two panels of this Court found that Appellant's claim must be raised in the Commonwealth Court because the trial court lacked jurisdiction to entertain Appellant's claim, and that, to the extent that Appellant claimed ambiguity in the sentencing order, the order was not ambiguous. On the merits, the Commonwealth Court, relying on cases from this Court, concluded, *inter alia*, Appellant was not entitled to relief because "[w]here a sentence is vacated on merger grounds, the conviction for the other offense on which merger is based remains fully valid and the sentence

---

[3] Specifically, Appellant "argued that his sentence was ambiguous because it was unclear whether the sentencing court intended to impose a consecutive or concurrent sentence at [C]ount 2." *Id.*

[4] Specifically, Appellant "claimed that DOC erroneously concluded that his sentence at [C]ount 2 was consecutive, rather than concurrent, which resulted in the DOC improperly calculating his calculating his maximum sentence." *Id.*

for that other offense is not automatically vacated." ***Johnson***, 2018 WL 3826288 at *3 (citing 42 Pa. C.S. § 9765; ***Lomax***, ***supra***; ***Thur***, ***supra***).

There is nothing more that can be said or done about this claim. At best, the claim is devoid of any merit. In light of the foregoing, we affirm the order of the trial court.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/23/2026