J-S16001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN MONTIER PINER | |
| Appellant | No. 540 WDA 2015 |

Appeal from the Judgment of Sentence February 11, 2015
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000140-2012
CP-07-CR-0000141-2012
CP-07-CR-0000143-2012
CP-07-CR-0000144-2012
CP-07-CR-0000146-2012
CP-07-CR-0000148-2012
CP-07-CR-0000149-2012
CP-07-CR-0000150-2012
CP-07-CR-0000151-2012
CP-07-CR-0000153-2012
CP-07-CR-0000159-2012
CP-07-CR-0000160-2012
CP-07-CR-0000161-2012
CP-07-CR-0000163-2012
CP-07-CR-0001026-2012

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED AUGUST 1, 2017**

Stephen Montier Piner appeals from the February 11, 2015 judgment

of sentence entered following his entry of a guilty plea to 18 counts of

possession with intent to deliver cocaine ("PWID"), 10 counts of criminal use

_____

[*] Retired Senior Judge assigned to the Superior Court.

of communication facility, and one count each of dealing in proceeds of unlawful activity, corrupt organizations, criminal conspiracy to commit corrupt organizations, and criminal conspiracy to commit PWID.[1] Because the record contains no evidence regarding Piner's ability to pay the fines imposed as part of his sentence, and because the Commonwealth concedes that he has no ability to pay, we vacate the portions of the judgment of sentencing imposing fines. We affirm the judgment of sentence in all other respects.

In 2011, Piner was charged at the above-captioned docket numbers. The matters were scheduled for a three-week jury trial beginning on February 9, 2015. On February 11, 2015, the third day of trial, Piner pled guilty. That same day, the trial court sentenced Piner to an aggregate term of 20 to 40 years' incarceration and $112,000 in fines.[2] The trial court found

_____

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 7512(a), 5111(a)(1), 911(b)(3), and 903, respectively.

[2] For each of the eighteen PWID convictions, four convictions at docket CP-07-CR-0001026-2012 and one conviction at all other dockets, the trial court sentenced Piner to 5 to 10 years' incarceration, a $5,000 fine, and ordered Piner to pay $113 to the Greensburg State Police Crime Laboratory and $100 to the West Drug Task Force. For each of the ten convictions for criminal use of a communication facility, which were at dockets CP-07-CR-0000140-2012 and CP-07-CR-0000141-2012, CP-07-CR-0000144-2012, CP-07-CR-0000146-2012, CP-07-CR-0000148-2012, CP-07-CR-0000150-2012, CP-07-CR-0000153-2012, CP-07-CR-0000161-2012, CP-07-CR-0000163-2012, CP-07-CR-0001026-2012, the trial court sentenced Piner to 2½ to 5 years' incarceration and a $500 fine. At docket CP-07-CR-0001026-2012, the trial court sentenced Piner to 5 to 10 years' incarceration and a $1,000 fine for the conviction for dealing in proceeds of unlawful activity, 10 to 20
*(Footnote Continued Next Page)*

Piner ineligible for a Risk Recidivism Reduction Incentive ("RRRI") minimum sentence.

On February 20, 2015, Piner's counsel filed a post-sentence motion. On February 23, 2015, Piner filed a *pro se* motion to withdraw his guilty plea. On February 27, 2015, the trial court denied the motions. Piner filed a timely appeal.[3]

On appeal, Piner raises the following issues:

> A. Whether the trial court erred/abused its discretion by refusing to allow [Piner] to withdraw his guilty plea, as [Piner's] plea was not voluntary, intelligent, or knowing?
>
> B. Whether the trial court erred by failing to determine [Piner's RRRI] minimum sentence, as [Piner] was eligible for the [RRRI] program?
>
> C. The trial court erred by failing to order a Presentence Investigation (PSI) be conducted, as a PSI would have revealed that [Piner] was RRRI-eligible, as well as other favorable information in [Piner's] background?
>
> D. The trial court abused its discretion by sentencing [Piner] to pay excessive costs and fines.

*(Footnote Continued)* ─────────────

years' incarceration and a $10,000 fine for the corrupt organizations conviction, 5 to 10 years' incarceration and a $5,000 fine for the conviction for criminal conspiracy to commit corrupt organizations, and 5 to 10 years' incarceration and a $1,000 fine for the conviction for criminal conspiracy to commit PWID. The trial court ordered that all sentences were concurrent, except that the sentences at count 1 (PWID) and count 2 (dealing in proceeds of unlawful activity) at CP-07-CR-0001026 would be consecutive to each other and to all other sentences.

[3] Following appeal, there was a delay in the receipt of the original record from the trial court and this Court granted both parties extensions of time to file briefs.

Piner's Br. at 5.

Piner first alleges the trial court erred in denying his *pro se* motion to withdraw his guilty plea. On appeal, Piner maintains he did not know the factual basis of the charges or the maximum penalties or permissible sentencing ranges. He further alleges that the "colloquy questions were presented to [him] in a rapid fire manner, to which he basically replied 'yes' repeatedly."

Piner filed his *pro se* motion while he was counseled. Therefore, the filing was a legal nullity and did not preserve any issues for our review.[4] ***Commonwealth v. Nischan***, 928 A.2d 346, 355 (Pa.Super. 2007) (where defendant represented by counsel, "*pro se* post-sentence motion was a nullity, having no legal effect").

Even if Piner's motion had preserved the issue, we would find the trial court did not abuse its discretion in denying his motion to withdraw.[5]

_____

[4] Further, in his *pro se* motion, Piner argued that the decision to plead guilty was made so quickly that his head "was spinning," his case was different from that of his co-defendant's case, he was innocent of a "variety of the charges," and his counsel "incompetently" advised him to plead guilty. Piner did not maintain the plea was unknowing and involuntary because he was not informed of the factual basis of the plea or of the maximum sentences.

[5] The trial court noted that hybrid representation was not permitted, but addressed Piner's *pro se* argument "in the interests of justice." Opinion and Order, 2/27/15, 3. The trial court noted the elements of a proper colloquy; concluded that Piner entered his plea knowingly, intelligently, and voluntarily; and denied the motion. ***Id.*** at 4-5.

We review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Broaden***, 980 A.2d 124, 128 (Pa.Super. 2009). This Court has stated:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Id.*** at 129 (internal citations and quotations marks omitted) (alteration in original).

Further, this Court has stated:

> To be valid [under the "manifest injustice" standard], a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 565 Pa. 79, 771 A.2d 767, 771 (2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (*citing* Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not

> bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003). The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Pollard***, ***supra.***

***Commonwealth v. Kpou***, 153 A.3d 1020, 1023-24 (Pa.Super. 2016) (quoting ***Commonwealth v. Prendes***, 97 A.3d 337, 351-54 (Pa.Super. 2014), *impliedly overruled on other grounds by* ***Commonwealth v. Hvizda***, 116 A.3d 1103, 1106 (Pa. 2015)).

Piner heard the Commonwealth's opening statement and two days of testimony prior to pleading guilty. Further, the trial court explained the elements of each crime that the Commonwealth would be required to prove beyond a reasonable doubt. Under the totality of the circumstances, we conclude Piner knew the factual basis of the plea prior to pleading guilty. In addition, at the guilty plea hearing, Piner's counsel stated his calculations for the maximum sentence and fines were "473 years" of incarceration and "roughly [$450,000 to $500,000] worth of fines." N.T., 2/11/15, at 35. The written guilty plea colloquy signed by Piner and referenced at the guilty plea hearing also included the maximum sentence and fine applicable for each offense to which Piner pled guilty. Accordingly, we conclude that Piner knew the applicable sentences prior to entering his plea. We further conclude that Piner's contention that the questions were asked in a "rapid fire manner" is

insufficient to establish that he did not knowingly, voluntarily, and intelligently enter the plea. Because Piner has failed to establish manifest injustice, we conclude that the trial court did not err in denying his motion to withdraw his guilty plea.

Piner next argues that the trial court erred in finding he was ineligible for a RRRI minimum sentence. He claims that his 30-year old conviction for simple assault should not have disqualified him from eligibility.

A claim that the trial court failed "to impose an RRRI sentence implicates the legality of the sentence." **Commonwealth v. Finnecy**, 135 A.3d 1028, 1033 (Pa.Super.), *app. denied*, 2016 WL 6093951 (Pa. Oct. 19, 2016). Our scope of review is plenary and our standard of review is *de novo*. **Id.**

"The RRRI Act permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences." **Commonwealth v. Hansley**, 47 A.3d 1180, 1186 (Pa. 2012). The Sentencing Code provides:

> **(b.1) Recidivism risk reduction incentive minimum sentence.**--The court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to recidivism risk reduction incentive). If the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence except, if the defendant was previously sentenced to two or more recidivism risk reduction incentive minimum sentences, the court shall have the discretion to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1). The Prisons and Parole Code defines "eligible offender" as follows:

> **"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> . . .
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation. . . .

61 Pa.C.S. § 4503 (footnote omitted).

The trial court found Piner ineligible for an RRRI minimum sentence. N.T., 2/11/15, at 43. At the sentencing hearing, Piner's counsel admitted that Piner had a disqualifying offense,[6] but argued that because the conviction was over 30 years old it should not bar his participation. *Id.* at 39. Similarly, on appeal Piner argues that this offense should not bar his

_____

[6] Piner previously was convicted of simple assault in 1984. N.T., 2/11/15, at 43.

eligibility for an RRRI minimum sentence because of the conviction's age.[7]

Under the plain language of the statute, however, there is no exception

based on the age of a conviction.[8]  Accordingly, the trial court did not err in

finding the conviction made Piner ineligible for an RRRI minimum sentence.

In his next issue, Piner alleges the trial court erred in sentencing him

without first ordering a pre-sentence investigation ("PSI").   This is a

challenge to the discretionary aspects of his sentence.  "Challenges to the

discretionary aspects of sentencing do not entitle an appellant to review as

of right."  ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011).

Before we address a challenge to the discretionary aspects of sentence, we

must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

---

[7] To the extent Piner maintains there was no evidence presented of the prior conviction, Piner's counsel conceded that he had a disqualifying conviction, N.T., 2/11/15, 39, and the trial court stated that it "researched [Piner's] prior record," ***id.*** at 43.

[8] Piner relies upon statutes and a rule to support his contention that offenders are permitted to "avoid the impediment of years old convictions." ***See*** Piner's Br. at 18 (citing Pa.R.Evid. 609, 18 Pa.C.S. § 9122, and 75 Pa.C.S. § 3806(b)(1)(i)).  Unlike the provisions cited by Piner, however, the RRRI statute does not limit the relevancy of a disqualifying offense to a certain time period.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting

***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

In his post-sentence motion, Piner alleged only that the trial court imposed excessive fines and that the trial court erred in finding Piner ineligible for an RRRI minimum sentence. He did not challenge the trial court's failure to order a PSI. Because he failed to raise it in his post-sentence motion, Piner has waived any challenge to the lack of a PSI.[9]

In his final claim, Piner claims the trial court imposed fines without inquiring into Piner's ability to pay the fines. Such a challenge is a non-waivable challenge to the legality of the sentence, ***Commonwealth v. Boyd***, 73 A.3d 1269, 1274 (Pa.Super. 2013) (*en banc*), for which our standard of review is *de novo*, ***Commonwealth v. Childs***, 63 A.3d 323, 325 (Pa.Super. 2013).[10]

---

[9] Further, even if he had raised the challenge in the post-sentence motion, we would conclude that it lacked merit. At the plea and sentencing hearing, Piner waived his right to a PSI. N.T., 2/11/15, at 41-42.

[10] Piner and the Commonwealth frame this issue as a challenge to the discretionary aspects of his sentence. In ***Boyd***, this Court stated:

> a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories. First, a defendant may claim that there was no record of the defendant's ability to pay before the sentencing court. In the alternative, a defendant may claim that the sentencing court did not consider evidence of record. Finally, a defendant may

*(Footnote Continued Next Page)*

The Sentencing Code provides that a trial court may impose a fine in addition to a sentence of incarceration when "(1) the defendant has derived a pecuniary gain from the crime; or (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant." 42 Pa.C.S. § 9726(b). The Code, however, also provides that a trial court "shall not" impose a fine "unless it appears of record that (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S. § 9726(c).

The Commonwealth concedes that the trial court did not inquire as to Piner's ability to pay the fines. Commonwealth's Br. at 18. Further, the trial court did not have the benefit of a PSI, and there was no evidence concerning Piner's ability to pay presented at the hearing. Accordingly, we conclude that the portion of the sentence imposing fines must be vacated. *See Commonwealth v. Thomas*, 879 A.2d 246, 264 (Pa.Super. 2005) (remanding for re-sentencing where "nothing in the record . . . support[ed]

*(Footnote Continued)* ⸻

> claim that the sentencing court failed to permit the
> defendant to supplement the record.

73 A.3d at 1274. This Court found that the first type of claim, that there was no evidence of record of the defendant's ability to pay, raised a challenge to the legality of the sentence. *Id.* Here, Piner argues that his fines were excessive because there was no evidence presented as to his ability to pay, which raises a challenge to the legality of his sentence.

- 11 -

the trial court's general finding that appellant has or will have the ability to pay a fine of $6,000").

Further, the Commonwealth "concedes, in the instant case only, that Piner would be unable to pay fines." Commonwealth's Br. at 18. Therefore, because Piner's inability to pay precludes the imposition of a fine, *see* 42 Pa.C.S. § 9726(c), we conclude that remand for a re-sentencing hearing is not required. *See Commonwealth v. Lomax*, 8 A.3d 1264, 1268-69 (Pa.Super. 2010) (finding remand not required when vacating judgment of sentence would not disturb the overall sentencing scheme).

Portions of judgment of sentence involving imposition of fines vacated. Judgment of sentence affirmed in all other respects.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2017

- 12 -