J-S27005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                      :                  PENNSYLVANIA
                      :
           v.                 :
                      :
                      :
NARAT KIM              :
                      :
           Appellant      :    No. 1698 EDA 2017

Appeal from the PCRA Order April 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008105-2010

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                **FILED JULY 19, 2018**

Appellant, Narat Kim, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We previously summarized the facts and history of this case as follows:

Appellant had an argument with [Mr.] Ritha Ngoy on March 26, 2010.  Following the argument, Appellant and three cohorts traveled to Ritha Ngoy's home and shot Mr. Ngoy's brother.  On June 29, 2010, the Commonwealth charged Appellant with murder and related offenses.  Prior to trial, Appellant made an oral motion *in limine*, pursuant Pennsylvania Rule of Evidence 403, to preclude the Commonwealth from referring to Appellant at trial by his nickname, "Trigger."  Following argument, the court denied the motion.  Appellant proceeded to a jury trial where multiple witnesses identified Appellant by his nickname as the shooter.  At the conclusion of trial, the court instructed the jury regarding the limited use of Appellant's nickname: "As to nicknames that were heard in the case, nicknames are nicknames and you are not to infer anything in this case from any nicknames that you heard." (N.T. Trial, 12/21/11, at 84).

On December 21, 2011, the jury found Appellant guilty of third degree murder, carrying a firearm without a license, and [possessing instruments of crime ("PIC")].[1] The court sentenced Appellant on February 13, 2012, to an aggregate term of twenty-three (23) to forty-six (46) years' imprisonment. Appellant filed no post-sentence motions.

***Commonwealth v. Kim***, 75 A.3d 539, 653 EDA 2012 (Pa. Super. 2013) (unpublished memorandum). Appellant filed a timely notice of appeal, and we affirmed the judgment of sentence on April 1, 2013. ***Id***. Our Supreme Court denied Appellant's petition for allowance of appeal on December 27, 2013. ***Commonwealth v. Kim***, 83 A.3d 414, 407 EAL 2013 (Pa. 2013). Appellant did not seek review in the United States Supreme Court.

On October 21, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court initially appointed counsel on May 27, 2015, but replaced him on January 13, 2016. On December 30, 2016, new PCRA counsel filed a petition to withdraw and a ***Turner/Finley***[2] no-merit letter.

The PCRA court noted that it conducted an independent review of the record, and it stated:

[T]his [c]ourt found that [Appellant's] claims failed and, on March 21, 2017, issued a notice of its intention to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). On March 31, 2017, [Appellant] filed a response objecting to this [c]ourt's 907 Notice. This [c]ourt reviewed [Appellant's] response and found that it raised no new claims and that it failed to

---

[1] 18 Pa.C.S. §§ 2502(c), 6106, 907, respectively.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

supplement the claims he had already raised in a manner that changed this [c]ourt's evaluation of those claims. Therefore, on April 21, 2017, this [c]ourt dismissed [Appellant's] petition consistent with the 907 Notice.[3]

PCRA Court Opinion, 9/11/17, at 2. Appellant filed a timely notice of appeal; both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal, which we repeat *verbatim* and have reordered for ease of disposition:

1. Was trial counsel ineffective for failing to object at trial and raise on direct appeal that the trial court erred in its jury instruction pursuant to 18 Pa.C.S. Sections 2502(c) and 6106 by using language creating an inference of "intent" to commit a crime of violence (the third degree murder) from carring a firearm without a license?

2. Was trial counsel ineffective for failing to raise at trial in a Motion of Disqualification and Recusal and on direct appeal that the trial court violated Rule 2.9 of Chapter 33 of Code of Judicial Conduct by conducting a seretive *ex parte* in-chamber meeting with only the defense counsel and forcing the defense counsel to reveal information which in violation of appellant's attorney-client privilege and Due Process?

3. Was trial counsel ineffective for failing to raise on post–sentence motion and on direct appeal that the trial court voilated the Double Jeopardy Clause by failing to merge the sentence of carring a firearm without a license to the third degree murder since both offenses were considered the same criminal episode?

4. Was trial counsel ineffective for failing to preserve for appellate review on the issue of the trial court's refusal to include an instruction for voluntary manslaughter when charged the jury?

Appellant's Brief at 4–5.

_____

[3] The April 21, 2017 order also granted PCRA counsel's petition to withdraw as counsel. Order, 4/21/17.

When reviewing the propriety of an order denying PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). These errors include a constitutional violation or ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017); 42 Pa.C.S. § 9543(a)(2). In addition, a petitioner must show that the claims of error have not been previously waived. 42 Pa.C.S. § 9543(a)(3). *Commonwealth v. Blakeney*, 108 A.3d 739, 749 (Pa. 2014). "An issue has been waived 'if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post conviction proceeding.'" 42 Pa.C.S. § 9544(b); *Blakeney*, 108 A.3d at 749. The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary."

*Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Mason*, 130 A.3d at 617.

All of Appellant's issues aver that his trial counsel provided ineffective assistance. When considering an allegation of ineffective assistance of counsel, we presume that counsel provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) petitioner was prejudiced by counsel's action or omission. *Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa. Super. 2018) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975–976 (Pa. 1987)). "An [ineffective-assistance-of-counsel] claim will fail if the petitioner's evidence fails to meet any one of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). Because courts must presume that counsel was effective, the burden of proving ineffectiveness rests with the petitioner. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015).

The only issue preserved for review in this appeal is Appellant's claim alleging ineffectiveness for failing to preserve the trial court's refusal to include a jury instruction for voluntary manslaughter, issue four above. The PCRA court concluded, of the claims raised on appeal, this issue was the only one Appellant presented in his PCRA petition. Thus, the PCRA court found that all

- 5 -

other issues raised in Appellant's Pa.R.A.P. 1925(b) statement were waived. PCRA Court Opinion, 9/11/17, at 4–5. We concur.

Appellant did not raise the first issue noted above, that trial counsel was ineffective for failing to object at trial and raise on direct appeal that the trial court erred in its jury instruction pursuant to 18 Pa.C.S. §§ 2502(c) and 6106 by using language creating an inference of "intent" to commit a crime of violence, in his *pro se* PCRA petition. The Pennsylvania Rules of Appellate Procedure provide that issues not raised by an appellant in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Thus, the issue is waived. ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) ("We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

Appellant did assert the argument as one of trial court error, rather than as ineffective assistance of counsel, in his response to the PCRA court's Pa.R.Crim.P. 907 notice. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) (where a new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response). However, in addition to failing to couch it as an ineffectiveness claim, Appellant did not preserve the issue by raising it in his Pa.R.A.P. 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) states that issues not included in the statement of errors complained of an appeal and/or not raised in accordance with the provisions of paragraph (b)(4) are waived. ***See also***

*Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citing *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (finding "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be waived.")); *Commonwealth v. Riggle*, 119 A.3d 1058 Pa. Super. 2015). Thus, for this additional reason, the issue is waived.

Appellant also did not raise the second issue, that trial counsel was ineffective for failing to seek the trial court's recusal, in his PCRA petition. As noted by the PCRA court, the issue is waived. PCRA Court Opinion, 9/11/17, at 5. "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." *Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007); *see also* Pa.R.A.P. Rule 302. Nor did Appellant include the issue in his response to the PCRA court's Pa.R.Crim.P. 907 notice. Petitioner's Response to [PCRA] court's Notice Pursuant to Criminal Procedure Rule 907, 3/30/17. While Appellant did assert the claim in his Pa.R.A.P. 1925(b) statement, a party cannot rectify the failure to preserve an issue by proffering it for the first time in a Rule 1925(b) statement. *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1288 (Pa. Super. 2004); *Commonwealth v. Watson*, 835 A.2d 786 (Pa. Super. 2003).

Appellant next asserts that trial counsel was ineffective for failing to file a post-sentence motion and raise on direct appeal that his sentence for carrying a firearm without a license should have merged with the sentence for third degree murder. Appellant's Brief at 15. Keeping in mind that the issue

is couched in terms of ineffectiveness, we note that Appellant did not include the issue in his Pa.R.A.P. 1925(b) statement, and thus, this claim of ineffectiveness is waived. *Castillo*, 888 A.2d at 780; *Lord*, 719 A.2d at 309. We further note however, that the underlying issue, whether the identified sentences should have merged, is a claim relating to the legality of sentencing, which cannot be waived. *Commonwealth v. Lomax*, 8 A.3d 1264, 1267 (Pa. Super. 2010) (allegation that convictions should have merged for sentencing purposes relates to legality of sentencing and cannot be waived). This Court has the ability to consider an issue of legality of sentence *sua sponte*. *Commonwealth v. Orellana*, 86 A.3d 877, 882–883 n.7 (Pa. Super. 2014). Therefore, out of an abundance of caution, and in the alternative, we address the underlying issue.

Section 9765 of our Judicial Code provides as follows:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009); *accord Commonwealth v. Wade*, 33 A.3d 108 (Pa. Super. 2011) (42 Pa.C.S. § 9765 prohibits the merger of sentences unless a

strict two-part test is met; the convictions must be based on a single criminal act, and all of the statutory elements of one of the offenses must be included in the statutory elements of the other); *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013) (same).

Appellant's underlying allegation that his crimes of third-degree murder and carrying a firearm without a license should have merged for sentencing purposes because they arose "from the same criminal episode" is frivolous. The crimes of third-degree murder and carrying a firearm without a license do not merge because each includes elements not included in the other. *Baldwin*, 985 A.2d at 833–834. Third-degree murder requires proof that a homicide was committed with malice. *Commonwealth v. Seibert*, 622 A.2d 361, 364 (Pa. Super. 1993). Carrying a firearm without a license required the Commonwealth to establish that Appellant was either carrying a firearm in a vehicle or concealed on his person, and that he had no license to do so. *Baldwin*, 985 A.2d at 833. As the underlying claim lacks arguable merit, counsel cannot be ineffective. *Johnson*, 179 A.3d at 1114.

Lastly, we consider Appellant's issue alleging trial counsel's ineffectiveness for failing to preserve the trial court's refusal to include a jury instruction for voluntary manslaughter. Initially, we note that Appellant's argument on this issue in his brief lacks cogent legal analysis supported by relevant authority and citation to the certified record. *See* Pa.R.A.P. 2119(a)-(c). "Although this Court is willing to construe liberally materials filed by a

*pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017). In his reply brief, after the Commonwealth argued waiver due to Appellant's deficient brief, Appellant attempted to rectify this lack of relevant argument on both the underlying issue and analysis of the claim under the strictures of ineffective assistance. Appellant's Reply Brief at 1–7.

We conclude that the PCRA court thoroughly addressed this issue, and we rely on its analysis, as follows:

> On December 20, 2011, shortly after the defense rested its case, this Court discussed with counsel what would be included in the final charge to the jury:
>
> > THE COURT: So let's discuss the charge. First and third, 6106, and PIC.
> >
> > [TRIAL COUNSEL]: And we would be requesting voluntary manslaughter as well.
> >
> > [THE COMMONWEALTH]: I would object to that. There is no voluntary manslaughter.
> >
> > [TRIAL COUNSEL]: The evidence when he was coming toward Mr. Kim at the time.
> >
> > THE COURT: I'm not giving voluntary on this record.
>
> N.T. 12/20/11, at 162.
>
> Trial counsel did not object or continue to pursue a voluntary manslaughter instruction after this [c]ourt's denial of the request. Nor did trial counsel object once again to the Court's ruling at the conclusion of the Court's final charge. See Commonwealth v. Pressley, 887 A.2d 220, 224 (Pa.2005) (holding that Pa.R.Crim.P. 647(C) requires a specific objection to the charge or an exception

- 10 -

to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction). However, trial counsel was not ineffective because there was no evidence to support charging the jury as to voluntary manslaughter.

Trial courts are not to instruct a jury on legal principles which are not applicable to the facts presented at trial because such instructions are likely to confuse jurors and place obstacles in the path of a just verdict. Commonwealth v. Taylor, 876 A.2d 916, 925 (Pa. 2005). Therefore, a defendant must establish that the trial evidence would have reasonably supported a verdict based on the desired charge, and may not claim entitlement to an instruction that is not supported by the evidence presented at trial. Id. at 925-26. There are two bases to support a verdict for voluntary manslaughter: heat of passion and "imperfect" self-defense. See 18 Pa.C.S. 5 2503; Commonwealth v. Garcia, 535 A.2d 1186, 1189 (Pa. Super. 1988) ("In order to successfully militate in favor of a voluntary manslaughter verdict, evidence must indicate that the slaying occurred as a result of passion generated by legal provocation or as the result of a mistaken belief in existence at the moment of the crime."). Regarding evidence of heat of passion that would reduce murder to voluntary manslaughter:

> There must be sufficient cause of provocation and a state of rage or passion without time to cool, placing the defendant beyond the control of his reason, and suddenly impelling him to the deed. If any of these be wanting—if there be provocation without passion, or passion without a sufficient cause for provocation, or there be time to cool, and reason has resumed its sway, the killing will be murder.

Commonwealth v. Hutchinson, 25 A.2d 277, 314-15 (Pa. 2011), quoting Commonwealth v. Miller, 987 A.2d 638, 651 (Pa. 2009).

Whether provocation by the victim was sufficient to support a heat of passion defense is determined by an objective test, asking whether a reasonable person who was confronted with the provoking events would become impassioned to the extent that his or her mind was incapable of cool reflection. Id. at 314–15.[15]

[15] As [Appellant's] *pro se* PCRA petition only referred to voluntary manslaughter generally, this [c]ourt's

- 11 -

907 Notice addressed both the heat of passion and the "imperfect self-defense" theories. However, as [Appellant's] March 31, 2017 response to the 907 Notice argued only in favor of an "imperfect self-defense" theory, this [c]ourt will not address this theory any further but to note that, due to the hours that passed between [Appellant's] altercation with the decedent's brother and the shooting, the record would not have supported a voluntary manslaughter instruction with respect to heat of passion.

To support a verdict for voluntary manslaughter under an "imperfect self-defense" theory, the evidence must show that the accused, at the time of the killing, "held 'an unreasonable rather than a reasonable belief that deadly force was required to save his or her life,' and 'all other principles of justification under 18 Pa.C.S. § 505 have been met." Commonwealth v. Sanchez, 82A.3d 943, 980 (2013), citing Commonwealth v. Tilley, 595 A.2d 575, 582 (Pa. 1991); see also 18Pa.C.S. § 2503(b) ("A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable.").

In light of the record before this [c]ourt, a jury instruction on voluntary manslaughter was not warranted. On March 26, 2010, [Appellant] had an altercation with Ngoy. Around 8:00 PM that evening, hours after the incident with Ngoy, [Appellant] traveled with three companions from the park at Sixth and Wolf Streets to the decedent's home at 620 Wolf Street, looking for Ngoy. At that point, the decedent and his sister, Melissa Ngar, were just arriving home from picking up food for dinner. [Appellant] approached the decedent and Ms. Ngar, demanding to know where Ngoy was. The decedent replied that he did not know where his brother was, whereupon [Appellant] drew a gun and shot the decedent. Ms. Nagar testified that, immediately before the shooting, the decedent did not have anything in his hands, nor did he make any gestures with his hands. Robert Domard, one of [Appellant's] companions who witnessed the shooting, testified that, just before the shooting, [Appellant] and the decedent appeared to move towards each other "looking like they were about to fight."

- 12 -

With respect to "imperfect self-defense" voluntary manslaughter, under these facts, the mere fact alone that the decedent and [Appellant] may have moved closer to each other in an aggressive manner did not establish that [Appellant] had an unreasonable belief that the decedent was a threat to his life. As there was no basis in the evidence presented at trial to support a jury instruction on voluntary manslaughter, counsel was not ineffective for failing to preserve this issue for appeal, and this claim failed.

PCRA Court Opinion, 9/11/17, at 7–10.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/18