J-S44027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEIL ANDREW NEIDIG | : | |
| | : | |
| Appellant | : | No. 1455 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 27, 2021
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000295-2012,
CP-49-CR-0000756-2011

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: APRIL 4, 2023**

Neil Andrew Neidig appeals from the judgment of sentence entered following resentencing on his convictions for multiple counts of possession with intent to deliver, criminal use of a communication facility, and corrupt organizations.[1] The court resentenced Neidig as part of its partial grant of his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. He challenges the court's denial in part of his PCRA petition and his sentence. We do not address his challenges to the denial of his PCRA petition, as they are waived, and we affirm in part and reverse in part the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 7512(a), and 911(b)(3), respectively.

Neidig's original sentence included mandatory minimums for his drug convictions. Neidig appealed and we vacated the judgment of sentence and remanded for resentencing pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). The court resentenced Neidig to an aggregate term of 14½ to 29 years' imprisonment. As part of the imposed sentence, the court ordered Neidig to pay fines and costs of prosecution. ***See*** N.T., Resentencing Hearing, 2/26/16, at 73, 76; Sentencing Orders, filed 3/4/16.[2] The court also imposed a school zone enhancement for four of Neidig's convictions. ***See*** N.T., Resentencing Hearing at 73. Neidig appealed, and we affirmed the judgment of sentence. ***Commonwealth v. Neidig***, No. 1067 MDA 2016, 2017 WL 4930371, at *1 (Pa.Super. filed Oct. 31, 2017) (unpublished memorandum). Our Supreme Court denied Neidig's petition for allowance of appeal on April 10, 2018. ***Commonwealth v. Neidig***, 183 A.3d 979 (Table) (Pa. 2018).

Neidig filed a timely PCRA petition on December 11, 2018. The court appointed counsel who filed an amended petition. Following evidentiary hearings, the court granted Neidig's petition on the sole issue that school zone enhancements should not have been applied to his sentence. ***See*** Order, filed 3/4/21. The court denied the remaining claims of the PCRA petition. ***See id.*** The court then scheduled the case for resentencing. Neidig did not file an appeal from the court's PCRA order.

---

[2] The court filed separate sentencing orders for each of Neidig's convictions.

On October 27, 2021, the lower court held a resentencing hearing. The court noted that it had an updated Pre Sentence Investigation ("PSI") report dated July 14, 2021.[3] N.T., Resentencing Hearing, 10/27/21, at 3. It stated that "I will note that it's really not much different than the original – I'm not sure it's different at all from the original PSI because Mr. Neidig was incarcerated that whole time[.]" *Id.* at 3-4. The court imposed a sentence of 9½ to 29 years' incarceration. It stated that "[a]ll the fines, costs, fees, conditions of the previous orders on all counts *remain the same*." N.T., Resentencing Hearing, 10/27/21, at 48 (emphasis added). Counsel did not object. While explaining Neidig's appellate rights, the court stated, "[Y]ou can file **an** appeal with the Superior Court within 30 days of today . . . ." *Id.* at 49 (emphasis added).

Neidig filed a post-sentence motion raising the following claims:

9. Defendant avers the court should reconsider his sentence as the defendant had to spend additional time incarcerated when he would have been eligible for parole under his new sentence.

10. In the period of time defendant's case has been pending, the treatment of marijuana has changed in the Commonwealth to a point where the Attorney's [sic] General's office did not have an articulated position at sentencing.

11. The court should weigh other factors in reconsidering Defendant's sentence, including the wrongful application Pa.R.Crim.P. 600 by the Superior Court of Pennsylvania on Defendant's direct appeal.

---

[3] The updated PSI is not included with the certified record.

12. Additionally, the defendant requests this court to reconsider its decision denying his petition for post conviction relief under 42 Pa.C.S.A. § 9543(a)(2)(i), 42 Pa.C.S.A. § 9542(a)(2)(ii), and 42 Pa.C.S.A. § 9542(a)(2)(vi).

* * *

17. Despite vacating the defendant's sentence, the court imposed the same fines, cost, and restitution as imposed in Defendant's previous sentence.

18. The defendant requests this court reconsider his sentence, reconsider the denial of his other PCRA claims, modify his fines, costs, restitution, and grant any other relief this court deems necessary.

Post Sentence Motion, filed 11/2/21, at ¶¶ 9-18.

Before the court had ruled on the post-sentence motion, Neidig filed the instant appeal, submitting a single notice of appeal listing both Common Pleas docket numbers. **See** Notice of Appeal, filed 11/5/21. The lower court then, on November 9, denied Neidig's post-sentence motion.[4]

On appeal, this Court initially issued a rule to show cause why the appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), *overruled in part by* **Commonwealth v. Young**, 265 A.3d 462, 477 n.19 (Pa. 2021). In **Walker**, our Supreme Court held that an appeal

---

[4] Neidig filed his notice of appeal before the court addressed his post-sentence motion. Therefore, we treat this appeal as filed after the denial of his post-sentence motion. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"); Pa.R.Crim.P. 720(a)(2)(a) (stating that when a defendant files a timely post-sentence motion, a notice of appeal should be filed "within 30 days of the entry of the order deciding the motion").

should be quashed where the appellant fails to file separate notices of appeal at each docket number, where the order appealed from resolves issues at more than one docket. 185 A.3d at 977. Neidig responded that the PCRA court had told him that he could file "a" notice of appeal. The rule was discharged and deferred to this panel for consideration of the *Walker* issue.

We decline to quash pursuant to *Walker*. If the Court of Common Pleas has misinformed the appellant that a single notice of appeal listing more than one docket number is proper, the technical non-compliance with *Walker* is excused. ***See Commonwealth v. Stansbury***, 219 A.3d 157, 159-60 (Pa.Super. 2019). Here, the PCRA court advised Neidig that he could file "an" appeal with this Court, even though its order disposed of issues at multiple dockets. The court's misstatement misled Neidig regarding the proper manner to take this appeal. ***See id.*** We will not quash.

On appeal, Neidig raises the following issues:

1.    Whether the trial court erred/abused its discretion in denying [Neidig's] petition for post-conviction relief under § 9543(a)(2)(i)?

2.    Whether the trial court erred/abused its discretion in denying [Neidig] a new trial for ineffective assistance of counsel claims raised under 42 Pa.C.S.A. § 9543(a)(2)(ii)?

3.    Whether the trial court erred/abused its discretion in denying [Neidig's] petition for post-conviction relief under 42 Pa.C.S.A. § 9543(a)(2)(iv) and 42 Pa.C.S.A. § 9543(a)(2)(vi)?

4.    Whether the trial court erred/abused its discretion by imposing the same/fines, cost [sic], and restitution, despite vacating [Neidig's] sentence?

5. Whether the trial court erred/abused its discretion when it resentenced [Neidig] to a sentence of 9 ½ to 29 years [sic] incarceration?

   a. [Neidig] avers [his] sentence was grossly excessive considering [Neidig's] convictions were for delivering marijuana, his prior record, his behavior while incarcerated, the vindictiveness of his resentencing, and the violations of his rights that occurred during this case[.]

Neidig's Br. at 11.

We do not address Neidig's first three claims because they are waived due to his failure to appeal from the order disposing of his PCRA Petition. Rule 341(f)(2) of the Pennsylvania Rules of Appellate Procedure provides that in the context of PCRA petitions, "[a]n order granting sentencing relief, but denying, dismissing, or otherwise disposing of all other claims within a petition for post-conviction collateral relief, shall constitute a *final order* for purposes of appeal." Pa.R.A.P. 341(f)(2) (emphasis added). In such a case, a PCRA petitioner may immediately appeal the order, even if resentencing has not yet occurred. **See Commonwealth v. Watley**, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016) (holding an order granting in part and denying in part all issues raised in a PCRA petition is a final order for purposes of appeal); **Commonwealth v. Grove**, 170 A.3d 1127, 1138 (Pa.Super. 2017) ("the PCRA court's order granting relief with regard to sentencing and denying all other claims [is] a final appealable order"). As the comment to Rule 341 warns, a PCRA petitioner who fails to timely appeal an order granting

sentencing relief but denying other claims waives appellate review of the PCRA court's order. *See* Pa.R.A.P. 341(f)(2), & cmt.

That is what has happened here. Neidig did not appeal within 30 days after the PCRA court's order granting Neidig's sentencing claim but denying all other claims. Therefore, he has waived review of any issues stemming from the PCRA order. *See id.*

In his last two issues, Neidig challenges his new sentence. He first maintains that the trial court erred when it resentenced him to the same fines, costs, and restitution as it had imposed at his original sentencing. *See* Neidig's Br. at 24. He states that despite the passage of nine years since his original sentencing, the court reimposed the same fines and costs "without any record of whether [he] had the ability to pay those fines and costs." *Id.* He maintains that at the time of his original sentence, he was "in a much different financial position than he is now after being incarcerated for over nine years." *Id.*.

Rule 706(C) of the Pennsylvania Rules of Criminal Procedure provides that for mandatory costs, the court "shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations." Pa.R.Crim.P. 706(C). Sections 9728(g) and 9721(c.1) of the Sentencing statute makes certain costs, such as the cost of prosecution, mandatory upon the defendant. *See* 42 Pa.C.S.A. § 9728(g) ("other costs associated with the prosecution, *shall* be borne by the *defendant*") (emphasis added); 42

Pa.C.S.A. § 9721(c.1) ("[n]otwithstanding the provisions of section 9728 . . . the court *shall* order the *defendant* to pay costs") (emphasis added).

Section 9721(c.1) does "not require the court to consider the defendant's ability to pay prior to the imposition of costs." ***Commonwealth v. Lopez***, 280 A.3d 887, 900 (Pa. 2022). Furthermore, "interpreting Rule 706(C) to require a presentence ability-to-pay inquiry would place the rule directly at odds with Section[] 9721(c.1)[.]" ***Id.*** However, the sentencing court may not "impose a fine absent record evidence of the defendant's ability to pay." ***Commonwealth v. Ford***, 217 A.3d 824, 829 (Pa. 2019).

We will vacate for an ability-to-pay hearing as to fines only. To the extent Neidig challenges restitution, the record does not show that the court imposed restitution. His original sentence did not include restitution, and at resentencing, the court stated that "[a]ll the fines, costs, fees, conditions of the previous orders on all counts *remain the same*." The court made no mention of restitution, and the sentencing orders do not impose it. ***See*** N.T., Sentencing, 10/16/12, at 50-51; N.T., Resentencing Hearing, 10/27/21, at 48.

Regarding fines and costs, it is undisputed that the court did not inquire as to Neidig's ability to pay them. The court was not required to determine Neidig's ability to pay the mandatory costs. ***See Lopez***, 280 A.3d at 900; 42 Pa.C.S.A. § 9721(c.1); 42 Pa.C.S.A. § 9728(g). However, it was required to determine Neidig's ability to pay the fines. ***See*** 42 Pa.C.S.A. § 9726(c); ***Ford***, 217 A.3d at 829. As such, we vacate the judgment of sentence to the extent

that it imposed fines and remand for the court to determine Neidig's ability to pay.

Neidig also claims that the court imposed an excessive sentence. He maintains that the sentence is excessive "considering [his] convictions were for delivering marijuana, his prior record, his behavior while incarcerated, the vindictiveness of his resentencing, and the violations of his rights that occurred during this case." Neidig's Br. at 26. Additionally, he argues that the view of marijuana has changed since his original sentencing. Neidig claims that he "has been on the receiving end of vindictive sentences stemming from the multiple remands case [sic] of his case from the Superior Court." *Id.* at 15.

To the extent Neidig challenges his sentence as excessive, that argument goes to discretionary aspects of sentencing. We review such a challenge for abuse of discretion. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Watson*, 228 A.3d 928, 936–37 (Pa.Super. 2020) (citation omitted). An abuse of discretion exists where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* at 937 (citation omitted).

An appellant does not have an absolute right to appeal a discretionary aspect of his sentence. *Commonwealth v. Radecki*, 180 A.3d 441, 467 (Pa.Super. 2018). Rather, we will consider the issue where the appellant (1)

filed a timely notice of appeal, (2) properly preserved the issue in the court below, (3) included a Pa.R.A.P. 2119(f) statement in his brief, and (4) raised a substantial question that the sentence is "inconsistent with a specific provision of the Sentencing Code" or "contrary to the fundamental norms which underlie the sentencing process." *Id.* at 467, 468 (citation omitted).

Neidig clears the first three hurdles but stumbles on the fourth. His Rule 2119(f) statement does not set forth a substantial question. He asserts that the sentencing judge failed to give sufficient weight to particular factors. Such a claim, without more, does not state a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa.Super. 2015). We therefore will not review this argument.

To the extent Neidig asserts a vindictive sentencing claim, such a claim goes to the legality of the sentence and is not subject to waiver. *Commonwealth v. Prinkey*, 277 A.3d 554, 564 (Pa. 2022) (stating a claim that sentencing was vindictive goes to the legality of sentence); *Commonwealth v. Lomax*, 8 A.3d 1264, 1267 n.3 (Pa.Super. 2010) (stating that a challenge to legality of sentence is nonwaivable).

We reject this claim as meritless. Following remand from his original sentence, the court imposed the same sentence of 14½ to 29 years. On subsequent resentencing, the court lowered the sentence to 9½ to 29 years and kept the fines, costs, and conditions the same. This pattern undermines Neidig's claim, and he has not offered anything to show that the court was motivated by vindictiveness in fashioning the latest sentence. *See*

***Commonwealth v. Barnes***, 167 A.3d 110, 124 (Pa.Super. 2017) (concluding no presumption of vindictiveness by the court where it imposed the same aggregate sentence following remand for resentencing). We therefore affirm in part and vacate in part, and remand for an ability-to-pay hearing as to fines only.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023